# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ANTONIO OATIS,                             Case No. 1:07-cv-763
      Plaintiff

    vs

JUDGE ROSEMARY, et al.,          **ORDER**
      Defendants              (Spiegel, J.)

Plaintiff, an inmate at the Noble Correctional Institution in Caldwell, Ohio, brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging a violation of his rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied

that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(I).  A

complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a

rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29

(1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has

no arguable legal basis when the defendant is immune from suit or when plaintiff claims a

violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An

action has no arguable factual basis when the allegations are delusional or rise to the level

of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992);

*Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim

upon which relief may be granted or which seek monetary relief from a defendant who is

immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii); 1915A(b)(1-2).  In order to

state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that the persons

engaging in the conduct complained of were acting under color of state law and that this

conduct deprived plaintiff of some right secured by the Constitution or laws of the United

States.  *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986)

(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*,

*Daniels v. Williams*, 474 U.S. 517 (1984)).  A complaint fails to state a claim for relief "if

it appears beyond a doubt that the plaintiff can prove no set of facts in support of his

claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.

2

2000).

Plaintiff, who is proceeding pro se, brings this action against Judge Rosemary of the Butler County Common Pleas Court, Butler County Prosecutor Scott Blauvich, Hamilton Police Department Officers Underbular and Crouch, Butler County Sheriff Department Deputy Aaron Sorell, and Attorney Greg Howard.  Plaintiff's complaint alleges that he was unlawfully arrested, convicted, and sentenced on drug charges in 2006.  He states that he was arrested in March 2006 by the Butler County Sheriff's Department and appeared before Judge Rosemary at a preliminary hearing.  Plaintiff alleges that at the hearing, the police officers were unable to positively identify plaintiff as the perpetrator.  Nevertheless, Judge Rosemary bound the matter over to the grand jury which led to his indictment.  He further alleges that there was insufficient evidence to support his conviction and that his trial attorney was ineffective.  Plaintiff contends the foregoing actions violated his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.  As relief, plaintiff seeks $1 million in damages.

Plaintiff has no right to relief under 42 U.S.C. § 1983 since a ruling in his favor would necessarily cast doubt on his state court conviction and sentence.  *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995).  A § 1983 civil rights action seeking money damages on the basis of an allegedly unconstitutional

3

conviction or sentence will not lie unless the plaintiff has already succeeded in having the

conviction or sentence invalidated. *Heck*, 512 U.S. at 486-87.  When an inmate's

successful § 1983 damages action would necessarily imply that his sentence or conviction

was invalid, the complaint must be dismissed unless the inmate can demonstrate that his

conviction or sentence has been reversed on appeal, expunged by executive order,

declared invalid by a state tribunal authorized to make such determinations or called into

question by the issuance of a writ of habeas corpus in order to proceed with the § 1983

action.  *Id.*

        In this case, plaintiff implies that his conviction and sentence are illegal because

defendants violated his constitutional rights in procuring his conviction.  A judgment in

favor of plaintiff in this action would necessarily imply that his state court conviction and

resulting imprisonment are invalid.  Since plaintiff has not demonstrated that his

conviction has been invalidated by a federal or state court or other appropriate tribunal, he

may not proceed with a § 1983 action for money damages. *Id.*

        When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine,

the appropriate course for a federal district court is to dismiss the claim for lack of subject

matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the

complaint with prejudice as being frivolous, because the former course of action is not an

adjudication on the merits and would allow the prisoner to reassert his claims if his

conviction or sentence is latter invalidated.  *See Murphy v. Martin,* 343 F. Supp.2d 603,

4

609 (E.D. Mich. 2004). Because the Court is dismissing plaintiff's § 1983 complaint under *Heck,* the dismissal will be without prejudice. *Diehl v. Nelson,* 198 F.3d 244, 1999 WL 1045076 (6th Cir. November 12, 1999)(citing to *Fottler v. United States,* 73 F.3d 1064, 1065 (10th Cir. 1996)).

Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3). The complaint is hereby **DISMISSED** without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**


Date: <u>September 19, 2007</u>          <u>s/S. Arthur Spiegel          </u>
                                        S. Arthur Spiegel, Senior Judge
                                        United States District Court